ROY NOBLE LEE, Presiding Justice, for the Court:
The sole question presented in this case is whether or not the lower court erred in awarding Evans attorney’s fees under the Magnuson-Moss Warranty Act, 15 U.S.C. 2310(d).
The Evans filed suit in the Circuit Court of the First Judicial District, Harrison County, Mississippi, against Chrysler Corporation, complaining that their 1982 Chrysler LeBaron automobile was defective. They revoked acceptance of the automobile and demanded refund of the purchase price of the vehicle, interest and attorney’s fees, relying upon Mississippi Code Annotated § 75-2-601, et seq. (1972), and 15 U.S.C. § 2310(e). Attorney’s fees were sought pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. 2310(d).
The lower court entered judgment in favor of the Evans, awarding them eighty-five hundred dollars ($8,500), the purchase price of the automobile, i.e., damages, and attorney’s fees in the sum of twenty-nine hundred thirty dollars ($2,930). Chrysler concedes that the Evans were entitled to revocation of acceptance and the damages provided in the judgment of the lower court, but appeals from the award of attorney’s fees.
We reverse and render judgment on the attorney’s fees and disallow them.
The Evans sued upon a 1982 express limited warranty covering the 1982 Chrysler LeBaron automobile purchased by them on February 18, 1982. The express limited warranty provides in part:
[I]f the warranty dispute has not been resolved to your satisfaction you may submit the issue to a Chrysler Corpora *983 tion Customer Satisfaction Board. The case must be submitted to the Customer Satisfaction Board before action under the Magnuson-Moss Warranty Act can be taken....
Section 2302 requires that a warrantor who desires to create a written warranty with respect to a consumer product shall fully disclose in simple and readily understandable language the terms and conditions of its warranty. Section 2302(a) provides thirteen (13) specific rules which are recommended to be included in a written warranty, among them being:
(7) The step-by-step procedure which the consumer should take in order to obtain performance of any obligation under the warranty ...;
(8) Information respecting the availability of any informal dispute settlement procedure offered by the warrantor and a recital, where the warranty so provides, that the purchaser may be required to resort to such procedure before pursuing any legal remedies in the courts.
The evidence is undisputed that the express warranty sued upon contains the procedure which a consumer should follow in the event of a warranty dispute covered by the act; that the Evans discussed their dissatisfaction with the Chrysler dealership employees from whom they purchased the automobile; that the Evans did not make any contact with the Consumer Relations Manager at the Chrysler Zone Parts Sales and Service Office in New Orleans, or the Manager of Customer Relations of the Chrysler Corporation prior to having their attorney write a letter to, and contact, Chrysler Corporation on June 16,1983; and that the Evans took no steps to submit their dispute to the Customer Satisfaction Board prior to bringing suit under the Magnuson-Moss Warranty Act and Mississippi Code Annotated §§ 75-2-601, et seq. (1972). See Appendix I [15 U.S.C. § 2310(a)(1-3) ]. The record is uncontra-dicted that Chrysler Customer Satisfaction Board procedures exceed the minimum requirements as set forth by the Federal Trade Commission.
The Evans argue that there is no requirement for arbitration under our statutes, [Mississippi Code Annotated §§ 75-2-601, et seq. (1972) ], and cite Royal Lincoln v. Wallace, 415 So.2d 1024 (Miss.1982), and Volkswagen of America v. Novak, 418 So.2d 801 (Miss.1982). Their argument is misplaced.
There is no provision under the Mississippi statute, supra, for the allowance of attorney’s fees. The Evans rely for attorney’s fees upon the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. They fail to follow procedures for submitting the claim to the Customer Satisfaction Board, as provided by the Magnuson-Moss Warranty Act, before action could be taken under such act. Therefore, they did not comply with Magnuson-Moss and cannot claim attorney’s fees under that act. Neither the Mississippi statutes nor the Federal statute may grant them relief for attorney’s fees.
The judgment of the lower court awarding attorney’s fees is reversed and rendered.
REVERSED AND RENDERED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.
APPENDIX I
§ 2310. Remedies in consumer disputes Informal dispute settlement procedures;
establishment; rules setting forth minimum requirements; effect of compliance by warrantor; review of informal procedures or implementation by Commission; application to existing informal procedures
(a)(1) Congress hereby declares it to be its policy to encourage warrantors to establish procedures whereby consumer disputes *984 are fairly and expeditiously settled through informal dispute settlement mechanisms.
(2) The Commission shall prescribe rules setting forth minimum requirements for any informal dispute settlement procedure which is incorporated into the terms of a written warranty to which any provision of this chapter applies. Such rules shall provide for participation in such procedure by independent or governmental entities.
(3) One or more warrantors may establish an informal dispute settlement procedure which meets the requirements of the Commission’s rules under paragraph (2) If—
(A) a warrantor establishes such a procedure,
(B) such procedure, and its implementation, meets the requirements of such rules, and
(C) he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section respecting such warranty,
then (i) the consumer may not commence a civil action (other than a class action) under subsection (d) of this section unless he initially resorts to such procedure; and (ii) a class of consumers may not proceed in a class action under subsection (d) of this section except to the extent the court determines necessary to establish the representative capacity of the named plaintiffs, unless the named plaintiffs (upon notifying the defendant that they are named plaintiffs in a class action with respect to a warranty obligation) initially resort to such procedure. In the case of such a class action which is brought in a district court of the United States, the representative capacity of the named plaintiffs shall be established in the application of rule 23 of the Federal Rules of Civil Procedure. In any civil action arising out of a warranty obligation and relating to a matter considered in such a procedure, any decision in such procedure shall be admissible in evidence.